**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEROME POLVAY, individually on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>FCTI, INC., and DOES 1-10, inclusive,<br><br>                    Defendant. | Case No.  1:22-cv-04315-JSR<br><br>NOTICE OF DEFENDANT FCTI, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br><br>HEARING DATE: Jan. 6, 2023<br><br>HEARING TIME: 4:00 p.m. |

PLEASE TAKE NOTICE that defendant FCTI, Inc. is moving for summary judgment in its favor on all of the claims alleged in the First Amended Complaint in this action on the ground that undisputed facts establish that: (1) Mr. Polvay's request to print his account balance on a receipt *did* entail the transmission of a second balance inquiry to his bank; (2) the report that the Complaint alleges is false and deceptive was made to Mr. Polvay's bank, not to Mr. Polvay, so he could not have been deceived by it; (3) FCTI's ATM screens did not even address whether requesting the ATM to print his account balance would be deemed a "balance inquiry;" (4) the language that *was* on the ATM screens was clear, and Mr. Polvay testified that he understood it; and (5) Mr. Polvay did not know his bank would charge him for "balance inquiries," so his lack of awareness that printing his account balance entailed a "balance inquiry" did not cause him to sustain any injury (incur the $3 balance inquiry fee).

The schedule set by the Court for briefing and hearing this motion is:

Moving papers to be filed by December 7;

Opposition papers to be filed by December 21;

Reply papers to be filed by December 29;

Hearing Date: January 6, 2023 at 4:00 p.m.

Dated:  November 30, 2022						**GORDON REES SCULLY MANSUKHANI**

By:_____

Richard Spirra
101 W. Broadway, Suite 2000
San Diego, CA 92101
Phone: (619) 696-6700
rspirra@grsm.com

Gregg D. Minkin
Robert Beckmann
1 Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 453-0750
gminkin@grsm.com
rbeckman@grsm.com

Attorneys for Defendant FCTI, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEROME POLVAY, individually on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FCTI, INC., and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 1:22-cv-04315-JSR<br><br>**DEFENDANT FCTI, INC.'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**HEARING DATE: Jan. 6, 2023**<br><br>**HEARING TIME: 4:00 p.m.** |

Defendant FCTI, Inc. ("FCTI") submits the following statement of undisputed facts in support of its motion for summary judgment:

1. On October 12, 2021, plaintiff Jerome Polvay used an ATM owned by FCTI to view his TD Bank checking account balance on the ATM screen, print his account balance on a receipt and withdraw cash from his checking account. (First Amended Complaint (Docket 14) ("FAC") at ¶¶ 38-40; Polvay Deposition Transcript at pp. 19:17-20:9, 64:1-17, 69:13-74:21; 76:9-80:7)

2. During the course of those transactions, two requests for Mr. Polvay's account balance were transmitted via an ATM network *to TD Bank* by the company that processes the transactions conducted at FCTI's ATMs (FiServ). (Englebardt Declaration at ¶¶5, 13; Kulik Declaration at ¶¶ 3-6 and Ex. A)

3. The ATM networks and banks deem requests for a customer's account balance to be a "balance inquiry." (Englebardt Declaration at ¶ 12)

4. Banks' account agreements and fee disclosures identify the ATM transactions for which the banks will charge their customers a fee. (Englebardt Declaration at ¶ 8)

5. FCTI's ATMs do *not* address whether a bank will charge a fee for a particular transaction or whether a transaction or service meets the criteria the customers' bank uses to determine whether the bank will charge the customer a fee, e.g., whether a transaction or function entails or is deemed a "balance inquiry" by a customer's bank. (Lam Declaration at ¶ 7)

6. During the course of Mr. Polvay's transactions at FCTI's ATM, the ATM screens depicted in Ex. 1 to the Declaration of Richard Spirra (FCTI 44-64) were displayed by the ATM to Mr. Polvay in the order in which they are numbered in that exhibit. (FAC ¶¶ 38-39; Polvay Deposition Transcript at p. 61:19-70:14, 92:1-96:8; Lam Declaration at ¶ 11)

7. Mr. Polvay requested the ATM to display his checking account balance on the ATM screen. (FAC ¶¶ 38-39; Polvay Deposition Transcript at p.65:1-20, 69:13 -70:25)

8. He understood that he was requesting the ATM to display his account balance on the ATM screen. (Polvay Deposition Transcript at p.65:1-20, 69:13 -70:25)

9. He understood that he had the option to decline to view his account balance. (Polvay Deposition Transcript at p. 65:1-66:5, 68:24-69:3)

10. When Mr. Polvay pressed the button instructing the ATM to display his checking account balance on the ATM screen, the first request for Mr. Polvay's account balance was transmitted by FiServ to TD Bank via an ATM network. (FAC ¶¶ 28-31; (Englebardt Declaration at ¶¶ 5, 13)

11. The ATM then displayed his checking account balance on the ATM screen and asked if Mr. Polvay wanted to *print* his account balance and continue the transaction. (FAC ¶ 31; Polvay Deposition Transcript at p. 69:23-73:18)

12. Mr. Polvay then instructed the ATM to *print* his account balance on a receipt. (FAC ¶ 31; Polvay Deposition Transcript at p. 69:23-73:18)

13. He understood that he was instructing the ATM to print his account balance on a receipt. (Polvay Deposition Transcript at p. 69:23-73:18)

14. FCTI's ATMs do not retain or store customers' account balances. (Englebardt Declaration at ¶ 11) (Kulik Declaration at ¶ 5)

15. Therefore, when a customer using an FCTI ATM instructs the ATM to display his account balance on the ATM screen, the account balance is not retained in the ATM's "memory" or software once it has initially been displayed on the ATM screen. (Englebardt Declaration at ¶ 11) (Kulik Declaration at ¶ 5)

16. When Mr. Polvay instructed the ATM to print his account balance, another request for Mr. Polvay's account balance was transmitted by FiServ to TD Bank via an ATM network. (FAC ¶¶ 29-34; Kulik Declaration at ¶ 5) (Englebardt Declaration at ¶ 13)

17. Both of the requests for Mr. Polvay's account balance are deemed "Balance Inquiries" under the rules, protocols and terminology established and implemented by the ATM networks over which such messages are transmitted. (Englebardt Declaration at ¶ 12-13; Kulik Declaration at ¶¶ 3 and 5)

18. The ATM networks and banks require that certain information be provided with each message sent over the networks to a customer's bank. (Englebardt Declaration at ¶ 4)

19. The information that the banks and networks require the ATMs to provide must be provided using computer codes and terms established and prescribed by the ATM networks. (Englebardt Declaration at ¶ 4)

20. The rules and protocols established by the ATM networks require messages requesting a customer's account balance to contain and transmit the code for a "balance inquiry"

regardless of whether the balance is being requested for purposes of displaying it on the screen or printing it on a receipt. (Englebardt Declaration at ¶¶ 4, 12; Kulik Declaration at ¶¶ 3 and 5)

21. Both messages requesting Mr. Polvay's account balance contained the code that indicated to TD Bank that a "balance inquiry" was being transmitted. (Englebardt Declaration at ¶¶ 12-13; Kulik Declaration at ¶¶ 3, 5 and 6 and Ex. A)

22. On the day he used FCTI's ATM, Mr. Polvay did not even know TD Bank charged a fee for conducting balance inquiries at ATMs not owned by TD Bank. (Polvay Deposition Transcript at p. 53:21-55:4, 56:12-24)

23. Mr. Polvay did not recall receiving anything from TD bank that said he would be charged for balance inquiries. (Polvay Deposition Transcript at pp. 56:19-24, 84:6-10)

24. On the day he used FCTI's ATM, Mr. Polvay did not know *what* TD Bank would charge him for if he used an ATM not owned by TD Bank. (Polvay Deposition Transcript at p.53:21-55:4)

Dated: November 30, 2022

GORDON REES SCULLY MANSUKHANI

By:_____
Richard Spirra
101 W. Broadway, Suite 2000
San Diego, CA 92101
Phone: (619) 696-6700
rspirra@grsm.com

Gregg D. Minkin
Robert Beckmann
1 Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 453-0750
gminkin@grsm.com
rbeckman@grsm.com

Attorneys for Defendant FCTI, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME POLVAY, individually on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>FCTI, INC., and DOES 1-10, inclusive,<br><br>　　　　　　　　　　Defendant. | **Case No. 1:22-cv-04315- JSR**<br><br>**PROOF OF SERVICE** |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: 101 W. Broadway, Suite 2000, San Diego, CA 92101. On **November 30, 2022**, I served the within document(s):

**NOTICE OF DEFENDANT FCTI, INC.'S MOTION FOR SUMMARY JUDGMENT**

**DEFENDANT FCTI, INC.'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

☒ **ECF TRANSMISSION:** By transmitting a pdf.format version of the document(s) via CM/ECF filing system.

| | |
|---|---|
| Gary F. Lynch<br>**LYNCH CARPENTER, LLP**<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh , PA 15222<br>Telephone: (412) 322-9243<br>Email: gary@lcllp.com<br><br>Todd D. Carpenter<br>(Eddie) Jae K. Kim<br>**LYNCH CARPENTER, LLP**<br>1350 Columbia Street, Suite 603<br>San Diego, California 92101 | **Attorneys for Plaintiff and the Proposed Class**<br><br>JEROME POLVAY, individually on behalf of himself and all others similarly situated |

| | |
|---|---|
| Telephone:  (619) 762-1900<br>Email:  todd@lcllp.com<br>         ekim@lcllp.com<br><br>Email:  Maggie Robalino, Paralegal<br>         maggie@lcllp.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for service via CM.ECF.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **November 30, 2022** at San Diego, California.

                                                                                 _____
                                                                                 Lia Blanco