UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME POLVAY, Individually and on Behalf of all Others Similarly Situated,<br><br>        Plaintiff,<br><br>    -v-<br><br>FCTI, INC., and DOES 1-10, Inclusive,<br><br>        Defendants. | 22-cv-4315 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.

On December 7, 2022, defendant FCTI, Inc. ("FCTI") moved for summary judgment in its favor on all claims asserted by plaintiff Jerome Polvay in the First Amended Complaint. See ECF No. 26. After full briefing, the Court heard oral argument on FCTI's motion on Friday, January 6, 2023.[1] The Court then denied FCTI's motion by a "bottom-line" order dated January 13, 2023, promising that a subsequent memorandum would explain the reasons for the Court's order. Here is that Memorandum Order.

---

[1] At oral argument, counsel for both parties stipulated that Mr. Polvay's motion to strike the declaration of Leland Engelbardt should be granted in part. See Conference of Jan. 6, 2023, Tr. 7:24-8:14. More specifically, the parties agreed that Mr. Engelbardt's declaration should be granted to the extent that Mr. Engelbardt offers expert opinions. See id. Accordingly, the Court did not consider those portions of Mr. Engelbardt's declaration when deciding FCTI's motion for summary judgment.

1

I.   Factual Background

FCTI supplies ATMs to 7-Eleven convenience stores. Decl. of Todd D. Carpenter in Support of P's Opp. to D's Mot. for Summ. J. (hereinafter, "Carpenter Decl."), ECF No. 35, Ex. 5, at 15:17-23. ATMs allow customers to withdraw cash, transfer funds, and check the balance of their bank accounts. Sometimes, a bank will charge a fee to a customer who completes a transaction through an ATM that is outside of the bank's own network. When a customer checks their balance through an FCTI ATM, FCTI receives a portion - on average, $0.17 - of the fee assessed by the customer's bank. Id. at ¶ 25.

On October 12, 2021, Mr. Polvay used an FCTI ATM at a 7-Eleven located at 1239 2nd Avenue, New York, New York. Decl. of Jerome Polvay in Support of P's Opp. to D's Mot. for Summ J. (hereinafter, "Polvay Decl."), ECF No. 34, at ¶ 3. Mr. Polvay sought to withdraw $40 in cash. Id. at ¶ 5. The ATM then displayed a screen which asked, "Would you like to view your account balance?" Mr. Polvay pressed "YES." Following that, the ATM displayed a screen which asked Mr. Polvay, "Would you like to print your Balance and continue the Transaction?" Id. at ¶ 5. The screen presented Mr. Polvay with two options: One option was to "Continue"; the other was to "Cancel." Id. (This screen is hereinafter referred to as the "Continue/Cancel Prompt.")

2

Believing that he needed to press "Continue" in order to complete the transaction, Mr. Polvay pressed "Continue." Id.

Mr. Polvay's bank, TD Bank, then charged him two $3 fees for conducting balance inquiries. Polvay Decl., ECF No. 34, at ¶¶ 4, 6. The first balance inquiry was initiated when Mr. Polvay requested to see his account balance. The second balance inquiry was initiated when Mr. Polvay pressed "Continue" at the Continue/Cancel Prompt.

Mr. Polvay did not anticipate that he would incur a fee for pressing "Continue." Polvay Decl., ECF No. 34, at ¶ 6. While Mr. Polvay understood that he would be charged a fee for making a balance inquiry, and while he also understood that viewing his account balance would qualify as a balance inquiry, he did not believe that pressing "Continue" at the Continue/Cancel Prompt would initiate a second balance inquiry. In Mr. Polvay's own words, "[I]t wasn't a balance inquiry. I already had my balance." Carpenter Decl., ECF No. 35, Ex. 8, at 82:7-83:22.

On May 25, 2022, Mr. Polvay initiated this putative class action by filing the Complaint, which was subsequently amended on July 6, 2022. The First Amended Complaint alleges that the Continue/Cancel Prompt was deceptive and/or false, in violation of section 349 and 350 of New York General Business Law. As alleged in the First Amended Complaint, retail bank customers are accustomed to having to "opt-in" to making a balance inquiry. FAC,

3

¶ 19. For example, TD Bank's own ATMs present customers with a menu of seven options, only one of which initiates a balance inquiry, and that option is clearly labeled "Balance Inquiry." FAC, ¶ 20. Bank retail customers are also accustomed to being able to print a receipt that includes their account balance information, free of charge, whenever they complete a transaction by using an ATM supplied by their home bank. See 12 C.F.R. § 1005.9 (requiring financial institutions to provide this option). The First Amended Complaint alleges that these practices create a reasonable expectation that pressing "Continue" at the Continue/Cancel Prompt would not initiate a balance inquiry. Because pressing "Continue" at that prompt did initiate a balance inquiry, the Complaint asserts, that prompt was deceptive and/or false. FAC, ECF No. 14, at ¶¶ 3-5.

On December 7, 2022, FCTI moved for summary judgment on all of Mr. Polvay's claims.

## II. Discussion

Mr. Polvay asserts claims under two sections of New York General Business Law ("GBL"). The first, section 349 makes it unlawful to engage in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. GBL § 349. The second, section 350, makes it unlawful to engage in "[f]alse advertising in the conduct of any

4

business, trade or commerce or in the furnishing of any service" in New York. GBL § 350.

FCTI argues that summary judgment should be entered in favor of it on three grounds.[2] First, FCTI argues that Mr. Polvay (rather than his bank, TD Bank) was not the recipient of any wrongful communications from FCTI. Second, FCTI argues that the meaning of the Continue/Cancel Prompt was clear. Finally, FCTI argues that, even if the Continue/Cancel Prompt was deceptive or misleading, it did not cause Mr. Polvay to suffer any injury.

"Summary judgment is proper when, after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993); see also Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could

---

[2] Additionally, in its Memorandum of Law, FCTI appears to assert that it cannot be held liable under GBL § 349 or § 350 because clarifying the messages that appeared on its ATMs, in the way sought by Mr. Polvay, would have been impracticable. However, this argument was withdrawn by FCTI at oral argument on its motion. See Conference of Jan. 6, 2023, Tr. 9:9-10.

return a verdict for the nonmoving party.'" Id. "Genuine issues of fact are not created by conclusory allegations." Heublein, 996 F.2d at 1461.

For reasons given below, the Court finds that there are genuine issues of material fact concerning the essential elements of each of Mr. Polvay's claims. Thus, the Court denies summary judgment to FCTI on those claims.

A. The Recipient of FCTI's Allegedly Wrongful Communications

FCTI argues, first, that Mr. Polvay could not have been deceived, because FCTI's allegedly wrongful communications were made to a bank, not the plaintiff. GBL §§ 349 and 350 impose liability only if the statement that is alleged to be false or deceptive was likely to mislead a consumer. Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013). According to FCTI, its only statement alleged to be false or deceptive was its report that two balance inquiries had been made. Def's Mem. of Law, ECF No. 27, at 18-19. But that report was issued to TD Bank, not to Mr. Polvay or any other customer. Thus, FCTI says, the undisputed facts show that FCTI did not violate GBL §§ 349 and 350 in the way alleged by the First Amended Complaint.

FCTI's argument wholly misunderstands Mr. Polvay's claims. 19. Plaintiff alleges that FCTI's deceptive statement was not the report sent to TD Bank, but was instead the Continue/Cancel Prompt. The Continue/Cancel Prompt, according to plaintiff, misleadingly

suggested that pressing "Continue" would not initiate a second balance inquiry. See FAC, ECF No. 14, at ¶¶ 3-5. And FCTI's first argument does not establish that there is no genuine dispute of material fact concerning whether the Continue/Cancel prompt misled Mr. Polvay. Thus, summary judgment cannot be entered to FCTI on this ground.

B. <u>Whether the Continue/Cancel Prompt Was Clear</u>

Second, FCTI argues that the messages displayed on its ATMs were clear and, indeed, were understood by plaintiff. In support of this argument, FCTI notes that Mr. Polvay, by his own admission, understood several messages displayed on its ATM.

But the entire focus of the current controversy is the Continue/Cancel Prompt. FCTI does not cite to a single statement made by Mr. Polvay that amounts to an admission that Mr. Polvay understood "Continue" to be a request to initiate a second balance inquiry, nor does it cite to any other part of the record that establishes Mr. Polvay's understanding of that message.[3] Moreover, in Mr. Polvay's deposition, he testifies that he did not understand the Continue/Cancel Prompt. Polvay Dep., 74:5-11. Finally, to the extent that the issue is how a reasonable person would have

---

[3] FCTI does assert that it added the Continue/Cancel Prompt at 7-Eleven's behest. Def's Mem of Law, ECF No. 27, at 24. Even if that assertion is true, it is irrelevant, since intent is not required for liability under GBL §§ 349 and 350. See <u>Nick's Garage, Inc. v. Progressive Cas. Ins. Co.</u>, 875 F.3d 107, 124 (2d Cir. 2017) (deceptive practices are defined "by reference to the capacity of the practice to mislead, regardless of intent to deceive").

understood the Continue/Cancel Prompt, there too there is a genuine issue of material fact. Since there is a genuine dispute of material fact concerning whether the Continue/Cancel Prompt clearly conveyed a meaning related to a second balance inquiry, summary judgment cannot be awarded to FCTI on this ground.

C. Causation

Finally, FCTI argues that the Continue/Cancel Prompt did not injure Mr. Polvay. Even if FCTI had clarified that continuing at the Continue/Cancel Prompt would lead to a balance inquiry, it says, plaintiff would still have continued at that prompt, because plaintiff testified that he did not know which transactions with his bank would have incurred which fees. Def's Mem. of Law, ECF No. 27, at 24-25. So even if the Continue/Cancel Prompt was deceptive, it did not harm plaintiff.

Mr. Polvay responds that there is (at the very least) a genuine dispute of material fact as to whether the Continue/Cancel Prompt injured him. First, Mr. Polvay asserts that - as evidenced by his deposition - he would not have pressed "Continue" on the Continue/Cancel Prompt if he had known that it would have initiated a balance inquiry. Polvay Dep., 91:15-19. Second, Mr. Polvay asserts (again citing to his own deposition) that if he had known that he could have withdrawn his cash without pressing "Continue" at the Continue/Cancel Prompt, he would not have done so. Id. at Dep., 73:3-23.

8

On the first point, Mr. Polvay's deposition testimony is somewhat ambiguous. During his deposition, Mr. Polvay admitted that he didn't recall the exact structure of the fees imposed by TD Bank for various ATM transactions. Id. at 30:6-31:18. Nonetheless, Mr. Polvay also testified, during his deposition, that he expected to be charged a $3 fee for viewing his balance. Id. at 81:2-12. And he testified that he did not expect to be charged the same for printing his account balance. Id. at 91:15-19. However, he also testified, in no uncertain terms, that he would not have pressed the "Continue" button at the Continue/Cancel Prompt if he had been informed that he would have been charged $3 for doing so. Id. While there may be circumstances where a plaintiff's own "self-serving" testimony would not necessarily suffice to create a genuine issue of material fact, see, e.g., Khudan v. Lee, No. 12-CV-8147 (RJS), 2016 WL 4735364, at *5 (S.D.N.Y. Sept. 8, 2016), here it is hard to see how Mr. Polvay could be expected to prove reliance without his own testimony, and his testimony is not contradicted by any other sources. Whatever ambiguities exist in Mr. Polvay's testimony are not so grave and so thoroughgoing that a reasonable trier of fact could not find in his favor.

Additionally, Mr. Polvay's deposition testimony supports a second theory of causation. According to this theory, the Continue/Cancel Prompt deceived Mr. Polvay in to thinking that he

needed to press "Continue" in order to complete his withdrawal of $40. Mr. Polvay's deposition testimony is relatively unambiguous on this point, and it confirms the Court's conclusion that there is a genuine dispute of material fact on causation.

III. Conclusion

For the foregoing reasons, the Court finds that there are genuine disputes of material fact on all the essential elements of Mr. Polvay's claims. Accordingly, it denies summary judgment to FCTI on those claims.

SO ORDERED.

Dated:   New York, NY

       March 10, 2023       JED S. RAKOFF, U.S.D.J.