### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME POLVAY, individually on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>FCTI, INC., and DOES 1-10, inclusive,<br><br>    Defendant. | Case No.: 1:22-cv-04315-JSR<br><br>**Hearing Date:  March 15, 2023**<br>**Time:**   **3:00 p.m.** |

### PLAINTIFF'S MOTION FOR

### APPROVAL OF CLASS NOTICE AND NOTICE PLAN

Plaintiff Jerome Polvay ("Plaintiff"), on behalf of himself and the certified class, by and through the undersigned counsel respectfully request Court approval of the proposed form of "Class Notice", consisting of the "Short Form Notice", attached as ***Exhibit A***, and the "Long Form Notice", attached as ***Exhibit B***.  Plaintiff proposes the following "Notice Plan" for the Class Notice and respectfully request entry of an order approving the Notice Plan.

### LEGAL STANDARD

Courts routinely approve direct, individual notice via email, as well as by postcard. *See, e.g.*, *In re Blue Apron Holdings*, 2021 U.S. Dist. LEXIS 21781, at *9 (E.D.N.Y. Feb. 1, 2021) (providing for summary notice by email, or postcard notice by first-class mail where no email address could be obtained); *Dover v. British Airways, PLC*, 323 F. Supp. 3d 338, 348, 351 (E.D.N.Y. 2018) (approving plan for class notice by email and, where parties do not possess a valid email, notice by U.S. mail); *In re Deloitte & Touche, LLP*, 2012 U.S. Dist. LEXIS 12641, at *6 (S.D.N.Y. Jan. 17, 2012) ("In the present age . . . communication through email is the norm[.]"); *In re Ability Sec. Litig.*, 2018 U.S. Dist. LEXIS 242886, at *3-4 (S.D.N.Y. Sep. 14,

2018) (postcard notice directing class members to settlement website with long form notice sufficient) *Wilson v. DirectBuy, Inc.*, 2010 U.S. Dist. LEXIS 157909, at *15 (D. Conn. Dec. 14, 2010) (approving notice by email, or first-class mail where email addresses unavailable). *See also. T Toney v. B&G Foods, Inc.*, 1:20CV37, 2022 WL 4295266, at *1 (M.D.N.C. Mar. 10, 2022) (proposed notice plan was "constitutionally sound because individual notices will be mailed to all Collective and Class Members whose identities are known to the parties, and such notice is the best notice practicable.")

## PROPOSED NOTICE PLAN

The Notice Plan set forth below is formulated to provide certified class members with the best notice that is practicable under the circumstances to provide individual notice to all members who can be identified through reasonable effort. Fed. R. Civ. P. 23(C)(2).

The proposed Short Form Notice will be provided to the Class approved in the Class Certification Orders (Dkts. 55 & 58). The class is defined as follows:

> All holders of a checking account at one, or more Banks who were assessed more than one fee for a balance inquiry during the same visit to a FCTI ATM in the State of New York from May 1, 2018 to November 16, 2021. "Banks" consist of: New York Community Bank, KeyBank, Webster Bank, M&T Bank, TD Bank, Community Bank, Citizens Bank, NBT Bank, Bank of America, and Wells Fargo.[1]

In order to best reach the Class, the Court should approve sending Class Notice directly to the class member accountholders utilizing the contact information, including email and/or

---

[1] While the Court's Order issued on April 28, 2023 stated that the class period begins on May 1, *2019* (Dkt. 55), the Court provided clarification in its subsequent Opinion and Order issued on January 29, 2024 (Dkt. 58) that the class period begins on May 1, *2018*, as requested in Plaintiff's motion for class certification.

mailing addresses provided by each of the ten Banks.  Because direct contact information is not available for the entire class, a supplemental notice program will be executed to help reach class members who cannot be individually ascertained. *See* Declaration of Jacob Kameni, p.5.  The supplemental notice program will consist of both print and digital channels.

In support of class certification, Plaintiff procured sworn declarations from each of the ten banks that they have the data to identify each of their customers who were assessed two out-of-network fees for balance inquiries in close proximity at ATM machines owned by Defendant FCTI, Inc. ("Defendant" or "FCTI") during the class period.  (Dkts. 46-1 through 46-13.)  And pursuant to the Court's order (subsequent to granting of Plaintiff's motion for class certification) reopening discovery on these third-party Banks regarding class notice and damages (Dkt. 57), Plaintiff has procured the names and contact information in the Banks' possession, including email and/or mailing addresses, for those customers who fall within the Class definition.

As part of this process, Plaintiff has acquired the transactional data and customer identities and contact information from the 10 banks as follows:

1. Wells Fargo produced to Plaintiff a list of 15,942 instances in which a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York. Wells Fargo also produced the corresponding list of customers who performed those transactions and their contact information. There are approximately 7,455 class members with contact information from Wells Fargo.

2. Citizens Bank produced to Plaintiff a list of 38,572 instances in which a customer was assessed more than one fee for a single ATM visit within the state of New York. Citizens Bank produced the corresponding list of customers who performed those transactions, and their contact information. Citizen's Bank identified the

approximately 12,740 class members and provided either email and/or postal mail addresses depending on which was available.

3.      KeyBank produced data that was over-inclusive of the class definition. KeyBank provided 50,095 transaction records for all customers who were assessed more than one fee for a single ATM visit within multiple states, including New York. Plaintiff's expert, Art Olsen eliminated all customers who did not have a balance inquiry from a New York Terminal I.D. number. The "Time Stamp" data for each balance inquiry transaction in the KeyBank data was not available for 41.5% of the transactions. However, the "Date" stamp was available for all transactions. Mr. Olson was able to filter the class member data to produce a list of those class members who were assessed more than one out of network balance inquiry fee from the same terminal within one minute apart, or in a single day for those transactions without a "Time Stamp".  The data demonstrates there are approximately 16,038 class members, of which email addresses exist for 15,015 Keybank class members and postal addresses exist for the remaining 1,023 class members.

4.      TD Bank also produced data that was over-inclusive of the class definition. Mr. Olsen simply eliminated transactions from the non-New York ATM terminal list. There were approximately 82,739 transactions wherein a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York. Those transactions were made by approximately 40,776 customers. TD Bank produced contact information for 24,141 of these class members. TD

Bank has provided assurances that it will be able to produce additional contact information prior to the dissemination of notice.

5.     Bank of America produced to Plaintiff a list of 88,872 instances in which a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York. Bank of America also produced the corresponding list of customers who performed those transactions and their contact information. There are approximately 42,084 class members with contact information from Bank of America.

6.     Community Bank produced data to Plaintiff a list of 25,810 instances in which a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York. Community Bank also produced the corresponding list of approximately 9,532 customers who performed those transactions and their contact information.

7.     NBT Bank produced to Plaintiff a list of 22,750 instances in which a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York. NBT also produced the corresponding list of approximately 11,375 customers who performed those transactions and their contact information.

8.     M&T Bank produced to Plaintiff a list of 30,892 instances in which a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York. M&T also produced the corresponding list of approximately 16,767 customers who performed those transactions and their contact information.

9.      New York Community Bank represents that it has less than 4,500 instances in which a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York from August 2020 to November 16, 2021. As of the date of this writing, NYCB has not produced its data.  NYCB also represents that it did not store the terminal id information in its transaction records prior to August of 2020. Plaintiff will continue to meet and confer with NYCB about its outstanding data production.

10.     Webster Bank produced to Plaintiff a list of less than 100 instances in which a customer was assessed more than one fee for a single ATM visit at an FCTI ATM within the state of New York. In meeting and conferring with Webster Bank's counsel, Webster Bank represents that a large majority of its customer base has such fees waived and are therefore not assessed.  Webster Bank did produce contact information for the customers for whom the fee was assessed.

Therefore, as of the date of this writing, Plaintiff has acquired contact information for approximately_____% of the class:

| No. | Bank: | New York Trans | Class Members | Contact Info |
|-----|-------|----------------|---------------|--------------|
| 1 | M&T | 30,890 | 13,543 | 13,543 |
| 2 | BofA | 88,872 | 42,084 | 42,084 |
| 3 | TD Bank | 82,739 | 40,776 | 24,141 |
| 4 | KeyBank | 50,095 | 16,838 | 16,838 |
| 5 | Citizens | 38,572 | 12,740 | 12,740 |
| 6 | Community | 22,361 | 9,532 | 9,532 |
| 7 | NYCB (Flagstar)* | 12,600 | 4,000 | 0 |
| 8 | NBT | 11,375 | | |
| 9 | Webster | 66 | 48 | 48 |
| 10 | Wells Fargo | 15942 | 7,455 | 7,455 |
| | Total: | 353,512 | | |

*This is estimated based on approximately 300 transactions per month from August 2020 to November 16, 2021.

After acquiring as much notice data as possible by continuing to meet and confer with the banks on some of the missing information, Plaintiff will provide the Notice Administrator with a complete list (the "Class List") of the names, email address, and mailing address information for the Class members.

The Short Form Notice will be disseminated via email to those on the Class List for whom the Banks have email address information, and via a physical post card for those on the Class List for whom the Bans only has a physical mailing address, with the Notice Administrator running a check to update mailing addresses before mailing.  There will also be publication notice. Simpluris will cause notice to be published in the Sunday edition of the New York Times, as well as the Friday edition of USA Today for the New York metro area. *See* Decl. of Kamenir, PP. 26.  This Notice Plan is designed to directly reach every possible class member.

The Short Form Notice shall include a description of the case[2] and the certified class definition as set forth herein; a date by which class members may opt-out of the certified class; the address of a class notice website at which class members may access the Long Form Notice, the pleadings, the class certification order, and other related documents[3] and information; and the toll-free telephone number to obtain information about the case. The Short Form Notice shall

---

[2] The description of the case in both the Short Form Notice and the Long Form Notice states that Plaintiff "allege[s] that FCTI improperly transmitted two balance inquiry requests to customers' banks when only a single balance inquiry was undertaken at its ATM machines located in 7-Eleven stores in New York, resulting in customers being assessed double out-of-network ATM fees by their banks for a single balance inquiry transaction."  This statement is a nearly-*verbatim* copy of allegations set forth in the Complaint (Dkt. 1), *e.g.,* ¶ 6 ("Customers, including Plaintiff, have been charged two fees – and FCTI received a portion of each fee in the form of interchange fees – despite making only one balance inquiry at the Defendant's ATMs."); ¶ 36 ("Yet, in each case, FCTI customers, including Plaintiff, were charged two separate OON balance inquiry fees by their home banks after performing one balance inquiry. FCTI, in turn, received a second interchange fee for each of the additional, unwarranted balance inquiries that the accountholders never performed.").

[3] The documents that will be included in the settlement website includes the Complaint, FCTI's Answer to the Complaint, the Opinion and Order certifying the Class, the Opinion and Order denying FCTI's motion for summary judgment, as well as any other documents the Court may require, as set forth in ¶ 19 of the Long Form Notice.

direct class members to review the Long Form Notice to obtain the opt-out instructions and other important information. As described in more detail below, the Long Form Notice shall also include a procedure for class members to opt-out of the certified class by sending the opt-out request to the Notice Administrator.

Class Counsel shall insert the correct date(s) and deadline in the Short Form Notice and Long Form Notice before the Notice Plan commences, based upon those dates and deadline set by the Court in the Order approving the Notice Plan. The Parties may by mutual written consent make non-substantive changes to the Class Notice without Court approval.

The Parties agree to use Simpluris, Inc. as the "Notice Administrator", which has extensive experience administering class actions in thousands of cases in a wide range of matters. .If approved, the Notice Administrator will perform class notice dissemination and administration, reporting to the Parties and the Court whether any class members opt-out of the certified class.

If the Notice Plan is approved, then Plaintiff will provide all available Class member information from the Banks to the Notice Administrator in the form of the Class List by March 18, 2024. The Notice Administrator will then initiate the Notice Plan no later than three (3) days after receipt of the Class List via email to those identified for whom the Banks have email addresses for and via U.S. mail to the rest of the Class.  For those individuals who will receive the email notice, the Notice Administrator will send the Short Form Notice to their last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that are returned undeliverable, the Notice Administrator shall mail the Short Form Notice in the manner described below within 10 days after the initial dissemination of the Short Form Notice.

When a valid email address is not available, the Short Form Notice shall be mailed by first class U.S. mail to the best available mailing address. To increase the accuracy of the mailing addresses, the Notice Administrator will run the names and addresses through the National Change of Address Registry and update as appropriate.  For any mailed Short Form Notices returned undeliverable, the Notice Administrator will use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Notice Administrator shall re-mail the Short Form Notice once to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

Pursuant to the Notice Plan, class members can obtain the Long-Form Notice, which contains additional information about the case and class members' rights if they stay in or opt-out of the certified class, either by accessing the dedicated notice website (to be maintained by the Notice Administrator) or by submitting to the Notice Administrator a request by mail, telephone, or email. Within a reasonable time before initiating the Short Form Notice, the Notice Administrator will establish the website. The Notice Administrator will also establish and maintain an automated toll-free telephone line for class members to call with class-related inquiries, and to answer the frequently asked questions of class members who call with or otherwise communicate such inquiries. The telephone line and case website will remain operational through the end of opt-out period. The website will remain operational until a final judgment is entered in this action.

In accordance with Fed. R. Civ. P. 23(b)(3), Class members will be able to opt-out of the Class by submitting written requests to a dedicated post office box or by email, both to be maintained by the Notice Administrator, by April 22, 2024, which is the date that trial is to begin. The opt-out request must state the class member's name, address, telephone number,

email address (if any), last four digits of the account number(s), signature, and include a statement indicating a request to be excluded from the class.

The Notice Administrator shall maintain a database showing mail and email addresses to which each Short Form Notice was sent and any Short Form Notices that were not able to be delivered in accordance with the Notice Plan. In addition to weekly updates to the Parties regarding the progress of the Notice Plan, the Notice Administrator shall supply a summary report of the Notice Plan following the opt-out deadline, and if requested by Class Counsel or the Court, a declaration as to the implementation and completion of the Notice Plan confirming implementation of the Notice Plan complies with Fed. R. Civ. P 23 and due process, and the names of any class members who timely opted-out. The database maintained by the Notice Administrator shall be available to the Parties' counsel and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party.

Dated: March 12, 2024

**LYNCH CARPENTER, LLP**

By:   */s/ Todd D. Carpenter*

Todd D. Carpenter*
todd@lcllp.com
(Eddie) Jae K. Kim*
ekim@lcllp.com
Tiffine E. Malamphy*
tiffine@lcllp.com
1350 Columbia St., Ste. 603
San Diego, California 92101
Telephone:    (619) 762-1900

**LYNCH CARPENTER, LLP**
Gary F. Lynch
gary@lcllp.com
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone:    (412) 322-9243

*Attorneys for Plaintiff and the Proposed Class*
*\*Admitted Pro Hac Vice*